IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WENDELL DUNCAN**                                                                 **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.: 3:16-cv-611-JCG**

**COMMISSIONER MARSHALL FISHER et al.**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff Wendell Duncan is a postconviction prisoner in the custody of the Mississippi Department of Corrections (MDOC) who is proceeding *pro se*. He was tentatively granted leave to proceed *in forma pauperis* pending an omnibus hearing. Plaintiff's allegations concern the conditions of his confinement, namely the medical care he has received for diabetes and related complications. Because Plaintiff has, on not less than three occasions while incarcerated, brought a civil action or appeal that has been dismissed as frivolous, malicious, or for failure to state a claim, Plaintiff has accumulated "three strikes" a nd may no longer proceed *in forma pauperis* unless he establishes that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Having considered the pleadings, Plaintiff's sworn testimony given at the omnibus hearing, and applicable law, the Court concludes that Plaintiff's complaints about the quality of his medical care are insufficient to meet the threshold requirement of imminent danger of serious physical injury. Plaintiff's *in forma pauperis* status must be revoked. This lawsuit will be dismissed

without prejudice and reopened only if Plaintiff pays the civil filing fee of $400.00 within 30 days of the entry of this Order.

## BACKGROUND

Plaintiff is 57 years old. He suffers from diabetes mellitus and related complications affecting his eyes, kidneys, legs, and feet. When Plaintiff filed his complaint on August 4, 2016, he was housed at the South Mississippi Correctional Center (SMCI) in Leakesville, Mississippi. He was transferred to the Mississippi State Penitentiary (Parchman) in Parchman, Mississippi, on August 4, 2016.

Plaintiff initially alleged that he needed orthopedic shoes. He has since received the shoes. Plaintiff initially requested a special diet tray. He now receives a special diet tray. Plaintiff asserted that he needed glasses. He has received glasses.

Plaintiff desires certain treatment for blisters and corns, his kidneys, and his eyes. He has been examined by Dr. Ronald Woodall, who prescribed the medicine Metformin. Although Plaintiff has also been seen by other medical doctors, nurses and nurse practitioners, he wants to be seen exclusively by medical doctors. He specifically wants to see a neurologist. Plaintiff maintains that he has had daily pain in his leg for two years. He fears that amputation of his leg or foot will be required.

## DISCUSSION

A prisoner may not proceed *in forma pauperis* in a civil action or an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous,

malicious, or for failure to state a claim. 28 U.S.C. §1915(g). Plaintiff does not dispute that he has accumulated three strikes under § 1915(g) but contends that he meets the exception under § 1915(g) because he is in imminent danger of serious physical injury.[1]

Plaintiff's allegations indicate that he suffers from a variety of chronic medical conditions for which he is receiving treatment. Although Plaintiff disagrees with the course of treatment, Plaintiff's contentions do not suggest that he is currently under imminent danger of serious physical injury or that he was in danger at the time he filed his Complaint and moved to proceed *in forma pauperis*. *See Edmond v. Tex. Dep't of Corrs.,* 161 F.3d 8 (5th Cir. 1998).

Plaintiff's use of the phrase "imminent danger" is no more than an effort to craft the pleadings in a manner designed to circumvent the § 1915(g) bar. Plaintiff has filed roughly fifty civil actions in the United States District Courts for the Northern and Southern Districts of Mississippi. His attempts to circumvent the three-strikes bar have been repeatedly rejected. In many of those cases, he asserted claims similar to those he asserts here:

- *Duncan v. Bearry,* No. 3:06-cv-690-DPJ-JCS (Plaintiff's claim that he needed orthopedic shoes found not to meet imminent danger of physical injury exception; monetary sanctions against Plaintiff imposed);

---

[1] *See Duncan v. Puckett,* No. 96-60096 (5th Cir. May 27, 1996) (affirming dismissal of civil rights action as frivolous); *Duncan v. Pryor,* No. 95-60766 (5th Cir. Apr. 17, 1996) (same); *Duncan v. Buck,* No. 4:96-cv-2 (N.D. Miss. Jan. 12, 1996) (dismissal of suit as frivolous); *Duncan v. Dawson,* No. 4:96-cv-190-GHD (barring Plaintiff from filing a new action without paying the filing fee or demonstrating imminent danger).

- *Duncan v. Hillman,* No. 2:07-cv-145-KS-MTP (Plaintiff's complaints regarding housing and medical treatment found not to meet imminent danger of physical injury exception);

- *Duncan v. McLeod,* No. 4:08-mc-1-JAD (denying filing based on Plaintiff's owing monetary sanctions from *Bearry*)

- *Duncan v. Caskey,* No. 4:09-cv-177-HTW-LRA (Plaintiff's complaints regarding loss of legal materials and housing assignment found not to meet the imminent danger of physical injury exception);

- *Duncan v. Carmichael,* No. 4:10-cv-167-LRA, *aff'd,* No. 11-60719, 475 F. App'x 535 (5th Cir. 2012) (Plaintiff's complaints regarding glaucoma treatment, housing assignment, and grooming found not to meet the imminent danger of physical injury exception);

- *Duncan v. S. Corr. Inst.,* No. 5:12-cv-34-DCB-JMR (Plaintiff's claims of imminent danger due to his housing assignment, lack of recreation, meals, and lost legal papers found not to meet the imminent danger of physical injury exception);

- *Duncan v. Crawford,* No. 3:15-cv-473-DPJ-FKB (Plaintiff's complaint about treatment for cataracts found not to meet the imminent danger of physical injury exception);

- *Duncan v. Shivers,* No. 1:16-cv-50-HSO-JCG (Plaintiff's complaint about treatment for cataracts, housing assignment, and grooming found not to meet the imminent danger of physical injury exception);

Plaintiff cannot proceed further in this lawsuit without first paying the full civil filing fee of $400 ($350 filing fee plus $50 administrative fee).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Order (ECF No. 10) granting Plaintiff's Application to Proceed *in forma pauperis* is **WITHDRAWN.** Plaintiff's *in forma pauperis* status is revoked pursuant to 28 U.S.C. § 1915(g). This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to reopen this civil action if $400.00 ($350 filing fee plus $50 administrative fee) is paid within 30 days from the entry of this order.

**IT IS FURTHER ORDERED** that all pending motions are terminated.

**SO ORDERED**, this the 8th day of September, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE